# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action Number 1:17-cv-00025

Valerie Jeffers,
    Plaintiff,
v.

Ocwen Loan Servicing, LLC,
    Defendant.

## COMPLAINT

1. This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1331 and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. This Court has jurisdiction to hear Plaintiff's state law claim for breach of contract pursuant to 28 U.S.C. § 1367, because the claim arises out of the same transactions and occurrences.

2. Plaintiff Valerie Jeffers is an individual residing in Parker, CO.

3. Ocwen Loan Servicing, LLC (Ocwen) is a mortgage servicing company located in West Palm Beach, FL.

4. Ocwen is the current mortgage servicer of Plaintiff's mortgage loan (the Loan).

5. Jeffers and Ocwen were involved in previous litigation against each other in the Colorado District Court, 16-cv-01918-WJM-MJW, and in the Bankruptcy Court, 16-01018-JGR.

6. In September 2016, Jeffers and Ocwen entered into a settlement agreement to resolve both the District Court case and the Bankruptcy Adversary Proceeding.

7. At all times relevant hereto, Plaintiff fully performed her side of the settlement agreement.

8. The September 2016 release required Ocwen to submit Universal Data Forms (UDF) to the three major credit bureaus, Experian, Equifax, and Trans Union, which reflected that the Plaintiff is current on the Loan, and that Plaintiff was always current on the Loan from the time Ocwen began servicing the Loan through September 2016.

9. The September 2016 release further required Ocwen to take the necessary steps on its end to make the Loan current through September 2016.

10. Contrary to the terms of the settlement agreement, Ocwen began breaching the agreement almost immediately.  For example, in September 2016, Ocwen reported Plaintiff as 90 days past due rather than current to the credit reporting agencies.  Ocwen did not correct the Loan to reflect that Plaintiff was current through September 2016, and to reflect that Plaintiff was always current from the time Ocwen began servicing the loan through September 2016.

11. Plaintiff mailed Ocwen her October 2016 payment, and Ocwen refused to accept it, and mailed it back to her.

12. Ocwen again reported Plaintiff as 90 days past due for the months of October 2016 and November 2016, including reporting that Plaintiff was almost $7,000 past due as of October and November 2016.

13. As of November 2016, Ocwen continued to falsely furnish to the credit bureaus that Plaintiff was 30 days past due in the historical payment history section.

14. In or around November 2016, Plaintiff disputed Ocwen's false credit reporting to the major credit bureaus, Experian, Equifax, and Trans Union.

15. Experian notified Ocwen of Plaintiff's dispute through the e-oscar system.

16. Equifax notified Ocwen of Plaintiff's dispute through the e-oscar system.

17. Trans Union notified Ocwen of Plaintiff's dispute through the e-oscar system.

18. In or around November 2016, Ocwen responded to Experian, Equifax, and Trans Union via an ACDV form to continue reporting the false information, and Ocwen further falsely verified the accuracy of the information to each credit bureau.

19. Ocwen assigned the handling of its "investigations" into Plaintiff's disputes to agents and/or employees in India, who were poorly compensated and expected to process a high volume of disputes, in a short amount of time. The purpose was to save the company money and to increase profits.

20. Ocwen willfully and negligently violated the FCRA, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation into Plaintiff's post-settlement disputes, including failing to review and consider its own business records,

such as the settlement agreement, the payment history, and the loan file. Ocwen failed to contact Plaintiff to get her side of the story concerning her disputes. In order to save resources and increase company profits, Ocwen also set up policies and procedures to ensure that its investigations into consumer disputes, including Plaintiff's disputes, were cursory, superficial, and largely automated so as to require little human involvement. Essentially, Ocwen's "investigations" into Plaintiff's disputes consisted of little more than matching inaccurate data in Ocwen's computer with inaccurate data in the credit bureaus' computers, a classic "Garbage In-Garbage Out" scenario.

21. In December 2016, Plaintiff became so fed up with Ocwen that she attempted to refinance her mortgage loan just to get away from them, but was denied by several lenders.

22. Ocwen's violations of the FCRA caused Plaintiff actual damages, such as lost credit opportunities, embarrassment, reduction of credit score and harm to reputation, humiliation, worry, stress, and inconvenience.

23. Ocwen's breach of the settlement agreement has caused Plaintiff actual damages, such lost credit opportunities, embarrassment, reduction of credit score and harm to reputation, humiliation, worry, stress, and inconvenience. Plaintiff also seeks specific performance of the settlement agreement.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;
b. Punitive damages to be determined at trial;
c. Attorney Fees and Costs;

   d. Pre-judgment interest;
   e. For such other relief as may be proper.


s/ Matthew R. Osborne
10465 Melody Dr., Ste 325
Northglenn, CO 80234
matt@mrosbornelawpc.com
(303) 759-7018
*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**