IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

VALERIE JEFFERS,
Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
Defendant.

**PLAINTIFF'S MOTION IN LIMINE**

**Certificate of Conferral:** Plaintiff's counsel, Matthew Osborne, has conferred with Defendant's counsel, Cynthia Lowery-Graber, regarding this Motion. Although the Defendant objects to the merits of this Motion, the Defendant agrees that it would be appropriate for the court to rule on these issues prior to trial.

**I. PLAINTIFF SHOULD BE ALLOWED TO PUT ON EVIDENCE OF OTHER FCRA VIOLATIONS BY OCWEN**

Plaintiff seeks a ruling on the admissibility of Ocwen Loan Servicing, LLC's ("Ocwen") other FCRA violations. A West Virginia jury recently assessed $2.5 million in punitive damages against Ocwen for willfully violating the FCRA. *Daugherty v. Ocwen*, 2017 WL 3172422 (4th Cir. 2017) (punitive damages affirmed, but reduced to $600,000 on appeal). The 10th Circuit has traditionally held that evidence of other incidents are admissible to the extent that they are "substantially similar" to the case at bar. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988), *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987). A plaintiff may use evidence of other similar incidents to show that a defendant was on notice of a defect or of the potential

1

existence of a defect, or to counter defense witness testimony. *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1126 (10th Cir. 2004). Where the evidence is used to show notice of a defect—as opposed to causation, for example—the substantial similarity requirement can be relaxed, but the party seeking to admit the evidence must still make some showing of substantial similarity. *Smith v. Ingersoll–Rand Co.*, 214 F.3d 1235, 1246–47 (10th Cir. 2000).

The 10th Circuit has held that the Court should make the "substantially similar" determination outside the presence of the jury. *Wheeler, supra at 407*. The *Daugherty* case is substantially similar to this case for the following reasons. First, *Daugherty* involved a situation where Ocwen was reporting the borrowers as "past due", when they were in reality "current" on the loan. *Daugherty, supra at *2-3*. Similarly, Ocwen reported Ms. Jeffers as "past due", when she was in reality "current" on the loan. Second, the borrowers in *Daugherty* repeatedly disputed the false information with the credit bureaus, who then notified Ocwen of the disputes. *Id.* Each time, Ocwen responded to the credit bureaus that the inaccurate information was "verified" as correct, and failed to perform reasonable investigations into the disputes. *Id.* In this case, Ms. Jeffers disputed the inaccurate information with the credit bureaus on multiple occasions, and each time, Ocwen failed to correct the inaccurate information, and failed to perform reasonable investigations into the disputes.

Evidence of other bad acts is admissible to show intent and absence of mistake. *See F.R.E. 404(b); see also United States v. Segien*, 114 F.3d 1014, 1023 (10th Cir.1997) (allowing prior bad acts evidence to show intent and lack of mistake); *United States v. Tan*, 254 F.3d 1204, 1206 (10th Cir.2001), (the defendant was charged with

2

second degree murder drunk driving, and his previous drunk driving convictions were admissible to show malice).

In *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1186 (10th Cir. 2013), the 10th Circuit ruled that Ocwen's failure to report that a borrower disputed the debt could constitute inaccurate reporting, and could be a violation of the FCRA. Similarly, Ocwen failed to report to the credit bureaus that Ms. Jeffers disputed its inaccurate credit reporting, and is thus "substantially similar" and should be admissible at trial.

Finally, the U.S. Supreme Court has ruled that the jury may, when ruling on punitive damages, consider the following factors:

> (1) the harm caused was physical as opposed to economic;
>
> (2) the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others;
>
> (3) the target of the conduct had financial vulnerability;
>
> **(4) the conduct involved repeated actions or was an isolated incident; and**
>
> (5) the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (bolded for emphasis).

In sum, Plaintiff should be allowed to present evidence of the *Daugherty* and *Llewellyn* cases to show that Ocwen was on notice that its credit reporting dispute procedures are defective, to prove intent/willfulness, and to disprove Ocwen's defense of mistake. Additionally, the evidence is relevant to the factors set forth by the U.S. Supreme Court when considering the appropriateness of a punitive damages award.

## II. EVIDENCE OF OCWEN'S NET WORTH IS RELEVANT AND ADMISSIBLE

Plaintiff seeks a ruling of admissibility concerning Ocwen's net worth. The FCRA provides that a consumer may recover punitive damages for a willful violation of the FCRA. *15 U.S.C. § 1681n(a)*; *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1009 (10th Cir.2011). The 10th Circuit has held that evidence of net worth is relevant in determining punitive damages:

> wealth must remain relevant, because $50,000 may be awesome punishment for an impecunious individual defendant but wholly insufficient to influence the behavior of a prosperous corporation.

*Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996).

A few years later, the 10th Circuit confirmed that wealth and size of the defendant were relevant considerations in assessing punitive damages. *Deters v. Equifax Credit Information Services,* 202 F.3d 1262, 1273 (10th Cir. 2000); *see also Scavetta v. King Soopers, Inc.*, No. 10-CV-02986-WJM-KLM, 2012 WL 3545278, at *2 (D. Colo. Aug. 16, 2012) (the financial condition of a defendant is relevant to the issue of the proper amount, if any, of punitive damages to be awarded).

In *Daugherty*, the Court allowed the plaintiff to introduce Ocwen's 10k Form, which was filed under penalty of perjury with the Securities and Exchange Commission. *Daugherty, supra at *8*. Indeed, Ocwen has posted its most recent 10K Form on its website, available at http://shareholders.ocwen.com/secfiling.cfm?filingID=1628280-17-5576&CIK=873860. Page 40 of the 10k Form is a consolidated balance sheet, which indicates that Ocwen has $7,655,663,000 in assets, and $7,000,380,000 in liabilities, resulting in a net worth of around $655 million dollars. To the extent that Ocwen argues that the 10K Form relates to its parent company, the 10K Form defines "Ocwen" as

4

"When we use the terms 'Ocwen,' 'OCN,' 'we,' 'us' and 'our,' we are referring to Ocwen Financial Corporation and its consolidated subsidiaries."  *Ocwen 10k Form, p. 4*.  In *Daugherty*, the court held that Ocwen's 10k Form was sufficiently related to Ocwen's finances because "The 10–K also reported that OFC's '[s]ervicing business is primarily comprised of our core residential mortgage servicing business and currently accounts for the majority of our total revenues.'"

WHEREFORE, Plaintiff prays that this Motion in Limine be granted, and that Plaintiff be allowed to put on evidence of Ocwen's other FCRA violations and net worth.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on 12/7/2017, I served a true and correct copy of the foregoing via CM/ECF to the following:

Cynthia Lowery-Graber, Bryan Cave, LLP, Attorneys for Defendant.

s/ Mike Nobel