IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**
**Plaintiff,**

v.

**OCWEN LOAN SERVICING, LLC,**
**Defendant.**

---

**PLAINTIFF AND DEFENDANT'S STIPULATED
PROPOSED JURY INSTRUCTIONS**

---

Plaintiff hereby submits the following stipulated proposed jury instructions:

**CERTIFICATE OF CONFERRAL**

Plaintiff's counsel certifies that he has conferred with Defendant's counsel regarding these

instructions, and Defendant's counsel has no objection to these instructions.

Respectfully submitted,

s/ Matthew R. Osborne
11178 Huron St, Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

# INSTRUCTION NO. __

The Court will now explain the claims and defenses of each party to the case and the law governing the case.  Please pay close attention to these instructions.  These instructions include both general instructions and instructions specific to the claims and defenses in this case.  You must consider all the general and specific instructions together.  You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are Valerie Jeffers, Plaintiff, and Ocwen Loan Servicing, LLC, Defendant.

Plaintiff claims that the Defendant violated the Fair Credit Reporting Act and breached a contract by failing to reasonably investigate Plaintiff's disputes of Defendant's credit reporting, and failing to comply with a settlement agreement.  The Defendant denies Plaintiff's allegations, and claims that Defendant reasonably investigated Plaintiff's disputes.  Defendant further contends that, even if there was a statutory violation, Plaintiff has not suffered any damages as a result of the violation.

These are the issues for you to decide.

**Source:**

Fed. Jury Practice § 101:01, *Opening Instructions*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 101:03, *Claims and Defenses*, O'Malley, Grenig, and Lee (6th ed.).

**INSTRUCTION NO. \_\_**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claims by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of Plaintiff's claims by a preponderance of the evidence, you should find for Defendants as to that claim.

The Defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source:**

Fed. Jury Practice § 104:01, *Preponderance of the evidence*, O'Malley, Grenig, and Lee (6th ed.)

# INSTRUCTION NO. __

Plaintiff alleges Defendant negligently violated Section 1681s-2(b) of the Fair Credit Reporting Act. For purposes of this case, Plaintiff is a "consumer" under the Fair Credit Reporting Act. Defendant is a "furnisher of credit information" that reports the payment status of mortgage loans to the credit reporting agencies, such as Equifax, Experian, and Trans Union.

Under this section, a furnisher of information who has received notice of a dispute from a consumer reporting agency (CRA) is required to:

(1) reasonably investigate the disputed information;

(2) review all relevant information provided by the CRA;

(3) report the results of the investigation to the CRA;

(4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and

(5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

If the furnisher's investigation of the dispute verifies that the disputed information was accurate, then the Fair Credit Reporting Act does not impose any further obligations.

**Source:**

Fed. Jury Practice § 153:11, *Applicability of the Fair Credit Reporting Act*, O'Malley, Grenig, and Lee (6th ed.); 15 U.S.C. 1681s-2(b); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009); *Collins v. BAC Home Loans Servicing LP*, 912 F.Supp.2d 997, 1002 (D. Colo. 2012); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617–18 (6th Cir. 2012); *Scheel-Baggs v. Bank of Am.*, 575 F.Supp.2d 1031, 1039 (W.D. Wis. 2008).

# INSTRUCTION NO. __

A reasonable investigation is one that a reasonably prudent person would undertake under the circumstances. An investigation is not necessarily unreasonable because it results in a conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate. This is because an FCRA violation is tied to the reasonableness of an investigation rather than the accuracy of its results.

**Source:**

*Maiteki v. Marten Transport Ltd*, 12-CV-2021-WJM-CBS, 2015 WL 5996760, at *9 (D. Colo. Oct. 15, 2015); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009); *Drew v. Equifax*, 690 F.3d 1100, 1110 (9th Cir. 2012).

# INSTRUCTION NO. __

Plaintiff has the burden of proof on her negligent claim for violation of the FCRA, and must persuade you by a preponderance of the evidence of each of the following propositions:

First: Defendant violated the Fair Credit Reporting Act;

Second: Plaintiff was injured by Defendant's violation;

Third: The negligence of Defendant was the proximate cause of injury to Plaintiff.

Your verdict will be for Plaintiff if you find that Plaintiff proved that Defendant violated the Fair Credit Reporting Act, that Plaintiff was injured, and that Defendant's violation of the Fair Credit Reporting Act was the proximate cause of Plaintiff's injury.

Your verdict will be for Defendant if you find that Plaintiff did not prove one or more of the following: a violation of the Fair Credit Reporting Act, or Plaintiff was injured as a result, or the negligence of Defendant was the proximate cause of Plaintiff's injuries.

**Source:**

Fed. Jury Practice § 153:20, *Negligent noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.); 15 U.S.C. § 1681s-2(b); *Pinson v. Equifax Credit Info. Serv., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009).

# INSTRUCTION NO. __

The term "proximate cause" means there must be a connection between Defendant's conduct that Plaintiff claims was negligent and the injury complained of by Plaintiff. The act Plaintiff claims to have produced the injury must have been a natural and probable result of Defendant's conduct. Thus, in order to recover damages, Plaintiff must show that Defendant's failure to comply with the Fair Credit Reporting Act was a substantial factor in causing her damages. Plaintiff, however, need not prove that Defendant's failure to comply was the sole cause of her damages.

**Source:**

Fed. Jury Practice § 153:50, *Causation*, O'Malley, Grenig, and Lee (6th ed.); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001).

## INSTRUCTION NO. __

Plaintiff alleges Defendant willfully violated Section 1681s-2(b) of the Fair Credit Reporting Act.  A 'willful' violation is either an intentional violation or a violation committed in reckless disregard of its duties under the FCRA.   By contrast, "negligence" means the failure to do something that a reasonably prudent person would do, or the doing of something that a reasonably prudent person would not do under the circumstances that you find existed in this case.

**Source:**

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1183 (10th Cir. 2013); Fed. Jury Practice § 153:38, *Negligence*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 153:39, *Willful*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 153:71, *Punitive damages for willful noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.).

**INSTRUCTION NO. __**

If you find that Defendant willfully violated Section 1681s-2(b) of the Fair Credit Reporting Act, then you may, but are not required to, assess punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future.

Punitive damages may not be awarded to compensate a Plaintiff. The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct. This includes whether the conduct that harmed the Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this

case. You may not, however, set the amount of any punitive damages in order to punish Defendant for harm to anyone other than the Plaintiff in this case.

**Source:**

15 U.S.C. § 1681n(a)(2); *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *see also* 9th Circuit Pattern Jury Instructions Model Rule 5.5.

**INSTRUCTION NO. __**

For the Plaintiff to recover from the Defendant on her claim of breach of contract, you must find all of the following have been proved by a preponderance of the evidence:

1. The Plaintiff entered into a contract with the Defendant to correct her loan and request that the consumer reporting agencies correct the credit reporting within 30 days; and

2. The Defendant failed to correct her loan and failed to request that the consumer reporting agencies correct the credit reporting within 30 days; and

3. The Plaintiff "substantially complied with" her part of the contract.

    If you find that any one or more of these 3 statements has not been proved, then your verdict must be for the Defendant.

    On the other hand, if you find that all of these 3 statements have been proved, then your verdict must be for the Plaintiff.

*Colo. Jury Inst. Civ - 30:10*

## INSTRUCTION NO. __

A breach of contract is the failure to perform a contractual promise when performance is due.

A material breach occurs when a party fails to substantially perform or substantially comply with the essential terms of a contract.

A breach is not material if the other party received substantially what she contracted for. In determining whether a breach is material, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.

A material breach by one party excuses performance by the other party to the contract.

*Colo. Jury Instr., Civil 30:11*

## INSTRUCTION NO. __

If you find in favor of the Plaintiff on her claim of breach of contract, then you must award her general or nominal actual damages.

To award general or nominal actual damages, you must find by a preponderance of the evidence that the Plaintiff had damages as a result of the breach, and you must determine the amount of those damages.

If you find in favor of the Plaintiff, but do not find any general actual damages, you shall award Defendant nominal damages.

*Colo. Jury Instr., Civil 30:37*

# INSTRUCTION NO. __

If you find that a contract existed between the parties and that one party breached the contract, the non-breaching party is entitled to recover reasonably foreseeable damages that directly resulted from the breach — that is, an amount that would place the non-breaching party in the position she would have been in if the breaching party had adequately performed its promises, less any amounts saved by the non-breaching party.

If general damages have been proved, you shall award:

Damages and losses suffered by the Plaintiff including inaccurate credit reporting, inconvenience, and loss of the benefit of the bargain.

*Colo. Jury Instr., Civil 30:38*

**INSTRUCTION NO. __**

If you find in favor of the Plaintiff, but do not award any general damages, you shall award the

Plaintiff  nominal damages in the sum of one dollar.

*Colo. Jury Instr., Civil 30:41*

**INSTRUCTION NO. __**

Plaintiff may not recover twice for the same injury, even though she seeks an award of damages under multiple theories of relief.  This is because damages awarded for one claim may not be duplicative of damages awarded in another claim.  For example, a Plaintiff that seeks $100 as a result of the Defendant's conduct may recover only $100, even if he sought the same $100 in damages in multiple claims.

**Source:**

Fed. Jury Practice § 6.8, *Instructions by the court*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 156.192, *Avoidance of double recovery*, O'Malley, Grenig, and Lee (6th ed.); *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1459 (10th Cir. 1997).

**CERTIFICATE OF SERVICE**

I certify that on 01/19/2018, I served a true and correct copy of the Stipulated Proposed Jury Instructions via CM/ECF to:

Cynthia Lowery-Graber, *Attorney for Defendant Ocwen Loan Servicing, LLC*

s/ Mike Nobel