IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**

    Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC,**

    Defendant.

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully submits the following Proposed Jury Instructions.

### Certificate of Conferral

The undersigned counsel hereby certifies that she conferred with Plaintiff's counsel regarding these proposals. Plaintiff does not object to the first proposed instruction but does object to the second proposed instruction in its current form.

**INSTRUCTION NO. \_\_\_\_\_**

If you decide that Defendant violated the Fair Credit Reporting Act, Plaintiff could not have incurred actual damages from any such violation until after the violation took place.  Consequently, the earliest that Plaintiff could have incurred any actual damages on her Fair Credit Reporting Act claim was November 2016, which is when Defendant completed its investigation of the first dispute that it received.  Nothing that occurred prior to November 2016 is relevant to your consideration of Plaintiff's actual damages on her Fair Credit Reporting Act claim.

**Source:**

*Bagby v. Experian Info. Solut., Inc.*, 162 Fed. Appx. 600, *3 (7th Cir. 2006); *Abdelfattah v. Carrington Mortg. Servs. LLC*, No. C-12-04656-RMW, 2013 WL 495358, at *4 (N.D. Cal. Feb. 7, 2013); *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 609 (E.D. Pa. Feb. 14, 2012).

**INSTRUCTION NO. \_\_\_\_\_**

If you find that Defendant violated Section 1681s-2(b) of the Fair Credit Reporting Act, then you shall determine the amount of Plaintiff's actual damages proximately caused by the violation(s). Actual damages may include lost credit opportunities, damage to reputation, and emotional harm. However, damages will not be presumed to have occurred. Plaintiff must prove that they have occurred. Denial of or delay in granting credit does not constitute damage in and of itself under the law.

**Source:**

Fed. Jury Practice § 153:70, *Damages for negligent noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013); *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 242 (4th Cir. 2009).

Respectfully submitted this 21st day of January, 2018.

        *s/ Cynthia Lowery-Graber*
        Cynthia Lowery-Graber
        BRYAN CAVE LLP
        1700 Lincoln Street, Suite 4100
        Denver, CO 80203-4541
        Telephone:  (303) 861-7000
        Email:  cynthia.lowery-graber@bryancave.com

        ***Attorney for Defendant, Ocwen Loan Servicing, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of January, 2018, a true and correct copy of the foregoing **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** was served via the Court's CM/ECF system, which will automatically send notice of the same to:

Matthew R. Osborne
10465 Melody Dr., Suite 325
Northglenn, CO  80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

        *s/ Cynthia Lowery-Graber*
        Bryan Cave LLP

4