# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**

   Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC,**

   Defendant.

## DEFENDANT'S ADDITIONAL REVISED AND NEW PROPOSED JURY INSTRUCTIONS

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully submits the following Additional Revised and New Proposed Jury Instructions.

### Certificate of Conferral

The undersigned counsel hereby certifies that she conferred with Plaintiff's counsel regarding these proposals. Plaintiff's counsel requests additional time to review the proposed revisions and new instructions but believes that some may be agreed to. The Parties, through counsel, have agreed to review the proposal and submit a revised set of stipulated and non-stipulated instructions.

Ocwen withdraws certain stipulated proposed jury instructions filed with the Court on January 19, 2018 [Doc. 46]. This withdrawal is made to correct typographical errors, clarify wording, and ensure the instructions provide an accurate statement of applicable law. Ocwen also proposes additional new proposed jury instructions which follow the revised proposals

11417560.1

below.

      Ocwen withdraws the following stipulations in Doc. 46: stipulated instructions contained on pages 2, 3, 4, 5, 6, 7, 8, 11, 12, 14, and 16.  Ocwen's revised proposals are as follows:

**REVISED INSTRUCTION NO. __(Doc. 46, pg. 2)**

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are Valerie Jeffers, Plaintiff, and Ocwen Loan Servicing, LLC, Defendant.

Plaintiff claims that the Defendant violated the Fair Credit Reporting Act ("FCRA") and breached a contract by failing to reasonably investigate Plaintiff's disputes of Defendant's credit reporting, and failing to comply with a settlement agreement. The Defendant claims that its investigation was reasonable. Defendant further contends that, Plaintiff has not been damaged.

These are the issues for you to decide.

**Source:**

Fed. Jury Practice § 101:01, *Opening Instructions*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 101:03, *Claims and Defenses*, O'Malley, Grenig, and Lee (6th ed.).

**REVISED INSTRUCTION NO. \_\_(Doc. 46, pg. 3)**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claims by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of Plaintiff's claims by a preponderance of the evidence, you should find for Defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source:**

Fed. Jury Practice § 104:01, *Preponderance of the evidence*, O'Malley, Grenig, and Lee (6th ed.)

**REVISED INSTRUCTION NO. \_\_(Doc. 46, pg. 4)**

Plaintiff alleges Defendant negligently violated Section 1681s-2(b) of the FCRA. For purposes of this case, Plaintiff is a "consumer" under the FCRA. Defendant is a "furnisher of credit information" that reports the payment status of mortgage loans to the consumer reporting agencies, such as Equifax, Experian, and Trans Union.

Under this section, a furnisher of information who has received notice of a dispute from a consumer reporting agency (CRA) is required to:

(1) reasonably investigate the disputed information;

(2) review all relevant information provided by the CRA;

(3) report the results of the investigation to the CRA;

(4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and

(5) modify, delete, or permanently block the reporting of the disputed information if the furnisher determinesit to be inaccurate, incomplete, or unverifiable.

**Source:**

Fed. Jury Practice § 153:11, *Applicability of the Fair Credit Reporting Act*, O'Malley, Grenig, and Lee (6th ed.); 15 U.S.C. 1681s-2(b); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009); *Collins v. BAC Home Loans Servicing LP*, 912 F.Supp.2d 997, 1002 (D. Colo. 2012);

*Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617–18 (6th Cir. 2012); *Scheel-Baggs v. Bank of Am.*, 575 F.Supp.2d 1031, 1039 (W.D. Wis. 2008).

11417560.1

**REVISED INSTRUCTION NO. \_\_(Doc. 46, pg. 5)**

A reasonable investigation is one that a reasonably prudent person would undertake under the circumstancesAn investigation can be reasonable even if it results in an inaccurate conclusion. The FCRA requires only a reasonable investigation, not an accurate outcome.

**Source:**

*Maiteki v. Marten Transport Ltd*, 12-CV-2021-WJM-CBS, 2015 WL 5996760, at *9 (D. Colo. Oct. 15, 2015); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009); *Drew v. Equifax*, 690 F.3d 1100, 1110 (9th Cir. 2012).

11417560.1

### REVISED INSTRUCTION NO. __(Doc. 46, pg. 6)

Plaintiff has the burden of proof on her claim for negligent violation of the FCRA. Plaintiff must prove by a preponderance of the evidence of each of the following:

First: Defendant violated the FCRA;

Second: Defendant's violation of the FCRA was caused by negligence;

Third: Plaintiff was injured by the violation;

Fourth: The negligence of Defendant was the proximate cause of injury to Plaintiff.

Your verdict will be for Plaintiff if you find that Plaintiff proved that Defendant negligently violated the FCRA, that Plaintiff was injured, and that Defendant's negligent violation of the FCRA was the proximate cause of Plaintiff's injury.

Your verdict will be for Defendant if you find that Plaintiff did not prove one or more of the following: a violation of the FCRA, the violation was caused by Defendant's negligence, Plaintiff was injured as a result, or the negligence of Defendant was the proximate cause of Plaintiff's injuries.

**Source:**

Fed. Jury Practice § 153:20, *Negligent noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.); 15 U.S.C. § 1681s-2(b); *Pinson v. Equifax Credit Info. Serv., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009).

**REVISED INSTRUCTION NO. __(Doc. 46, pg. 7)**

The term "proximate cause" means there must be a connection between Defendant's conduct that Plaintiff claims was negligent and the injury complained of by Plaintiff. The act Plaintiff claims to have produced the injury must have been a natural and probable result of Defendant's conduct. Thus, in order to recover damages, Plaintiff must show that Defendant's failure to comply with the FCRA was a substantial factor in causing her damages and that the damage was either a direct result or a reasonably probable consequence of Defendant's failure to comply with the FCRA. Plaintiff, however, need not prove that Defendant's failure to comply was the sole cause of her damages.

**Source:**

Fed. Jury Practice § 153:50, *Causation*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 120:60, O'Malley, Grenig, and Lee (6th ed.); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001).

**REVISED INSTRUCTION NO. __(Doc. 46, pg. 8)**

Plaintiff alleges Defendant willfully violated Section 1681s-2(b) of the FCRA. A 'willful' violation is either an intentional violation or a violation committed in reckless disregard of duties under the FCRA.

**Source:**

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1183 (10th Cir. 2013); Fed. Jury Practice § 153:38, *Negligence*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 153:39, *Willful*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 153:71, *Punitive damages for willful noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.).

**REVISED INSTRUCTION NO. __(Doc. 46, pg. 11)**

For the Plaintiff to recover from the Defendant on her claim of breach of contract, the Plaintiff must prove by a preponderance of the evidence all of the following:

1. The Plaintiff entered into a contract with the Defendant to correct her loan and request that the consumer reporting agencies correct the credit reporting within 30 days; and

2. The Defendant failed to correct her loan and failed to request that the consumer reporting agencies correct the credit reporting within 30 days; and

3. The Plaintiff "substantially complied with" her part of the contract.

If you find that any one or more of these 3 statements has not been proved, then your verdict must be for the Defendant.

On the other hand, if you find that all of these 3 statements have been proved, then your verdict must be for the Plaintiff.

**Source:**

*Colo. Jury Inst. Civ - 30:10*

11417560.1

## REVISED INSTRUCTION NO. __(Doc. 46, pg. 12)

A breach of contract is the failure to perform a contractual promise when performance is due.

A material breach occurs when a party fails to substantially perform or substantially comply with the essential terms of a contract.

A breach is not material if the other party received substantially what it contracted for. In determining whether a breach is material, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.

A material breach by one party excuses performance by the other party to the contract.

**Source:**

*Colo. Jury Instr., Civil 30:11*

## REVISED INSTRUCTION NO. __(Doc. 46, pg. 14)

If you find that a contract existed between the parties and that one party breached the contract, the non-breaching party is entitled to recover reasonably foreseeable damages that directly resulted from the breach — that is, an amount that would place the non-breaching party in the position she would have been in if the breaching party had adequately performed its promises, less any amounts saved by the non-breaching party.

If Plaintiff has proved general damages by a preponderance of the evidence, you shall award damages and losses suffered by the Plaintiff.

**Source:**

*Colo. Jury Instr., Civil 30:38*

## REVISED INSTRUCTION NO. __(Doc. 46, pg. 16)

Plaintiff may not recover twice for the same injury, even though she seeks an award of damages under multiple theories of relief. This is because damages awarded for one claim may not be duplicative of damages awarded in another claim. For example, a Plaintiff that seeks $100 as a result of the Defendant's conduct may recover only $100, even if she sought the same $100 in damages in multiple claims.

**Source:**

Fed. Jury Practice § 6.8, *Instructions by the court*, O'Malley, Grenig, and Lee (6th ed.); Fed. Jury Practice § 156.192, *Avoidance of double recovery*, O'Malley, Grenig, and Lee (6th ed.); *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1459 (10th Cir. 1997).

## NEW INSTRUCTION NO. __

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicatees I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Source:**

Fed. Jury Practice § 103:01, *General Introduction*, O'Malley, Grenig, and Lee (6th ed.).

## NEW INSTRUCTION NO. __

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial as a private individual. All persons, including company and other organizations stand equal before the law, and are to be treated as equals.

**Source:**

Fed. Jury Practice § 103:12, *All persons equal before the law - Organizations*, O'Malley, Grenig, and Lee (6th ed.).

## NEW INSTRUCTION NO. __

Plaintiff alleges Defendant negligently violated Section 1681s-2(b) of the FCRA. "Negligently" means failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do under the circumstances that you find existed in this case.

**Source:**

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1183 (10th Cir. 2013); Fed. Jury Practice § 153:38, *Negligence*, O'Malley, Grenig, and Lee (6th ed.).

## NEW INSTRUCTION NO. __

Plaintiff has the burden of proof on her claim for willful violation of the FCRA. Plaintiff must prove by a preponderance of the evidence of each of the following:

First: Defendant violated the FCRA;

Second: Defendant's violation of the FCRA was caused by a willful act by the Defendant;

Third: Plaintiff was injured by the violation;

Fourth: The willful act of Defendant was the proximate cause of injury to Plaintiff.

Your verdict will be for Plaintiff if you find that Plaintiff proved that Defendant willfully violated the FCRA, that Plaintiff was injured, and that Defendant's willful violation of the FCRA was the proximate cause of Plaintiff's injury.

Your verdict will be for Defendant if you find that Plaintiff did not prove one or more of the following: a violation of the FCRA, the violation was caused by Defendant's willful act, Plaintiff was injured as a result, or the willful act of Defendant was the proximate cause of Plaintiff's injuries.

**Source:**

Fed. Jury Practice § 153:21, *Willful noncompliance with the act*, O'Malley, Grenig, and Lee (6th ed.); 15 U.S.C. § 1681s-2(b).

**NEW INSTRUCTION NO.**

A violation of the FCRA is "willful" only if the Defendant intentionally violated the FCRA, or acted with reckless disregard of its duties under the FCRA.

A violation of the FCRA is intentional only if the Defendant acted with the specific intent not to do something that the FCRA requires to be done, in other words, acted with the purpose of disobeying or disregarding the FCRA.

A violation of the FCRA is committed with reckless disregard only if the Defendant acted purposefully and the Defendant must have realized that its conduct was dangerous, done heedlessly and recklessly, without regard to consequences or of the rights and safety of others, particularly the Plaintiff.

**Source:**

*Safeco Insurance Company v. Burr*, 551 U.S. 47, 50 (2007), 2 Restatement (Second) of Torts § 500, p. 587 (1963–1964); 3A Fed. Jury Prac. & Instr. § 153:39 (6th ed.); *Stich v. BAC Home Loans Servicing, LLC,* 2012 WL 619241, *7 (D. Colo. 2012).

Respectfully submitted this 7th day of February, 2018.

        **BRYAN CAVE LLP**
        */s/ Cynthia Lowery-Graber*
        Cynthia Lowery-Graber
        Paul J. Lopach
        1700 Lincoln Street, Suite 4100
        Denver, CO 80203-4541
        Telephone: (303) 861-7000
        Facsimile: (303) 866-0200
        Email: paul.lopach@bryancave.com
        cynthia.lowery-graber@bryancave.com

        Robert J. Hoffman
        1200 Main Street, Suite 3800
        Kansas City, MO 64105
        T: (816) 374-3200
        F: (816) 374-3300
        E: rjhoffman@bryancave.com

        *Attorneys for Defendant Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of February, 2018, a true and correct copy of the foregoing **DEFENDANT'S ADDITIONAL REVISED AND NEW PROPOSED JURY INSTRUCTIONS** was served via the Court's CM/ECF system, which will automatically send notice of the same to:

Matthew R. Osborne
11178 Huron St., Suite 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

        *s/ Cynthia Lowery-Graber*
        Bryan Cave LLP

11417560.1