**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**

    Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC,**

    Defendant.

### DEFENDANT'S TRIAL BRIEF

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully submits the following Trial Brief pursuant to the Court's Order of February 8, 2018 regarding the limited issue of whether the *Llewellyn* and *Daugherty* cases are substantially similar to the Plaintiff Valerie Jeffers ("Plaintiff") such that evidence regarding the *Llewellyn* and *Daugherty* cases is admissible under Fed. R. Evid. 404(b). Because *Llewellyn* and *Daugherty* are not similar, the Court should not allow Plaintiff to introduce evidence or argument related thereto.

### I. LEGAL STANDARD

Plaintiff seeks to introduce evidence related to the *Llewellyn* and *Daugherty* cases, both of which involved claims that Ocwen violated the FCRA. This evidence and argument is inadmissible pursuant to Fed. R. Evid. 401, 402, 403, and 404.

In the context of the Court's Fed. R. Evid. 403 review, the Tenth Circuit has held that evidence of other acts should be "substantially similar" to the act at issue in order to be admissible. *See Wheeler v. John Deer Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988). Under this

framework, evidence regarding the *Llewellyn* and *Daugherty* is inadmissible because their probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …" and because they are substantially dissimilar to the facts alleged by Plaintiff.  Fed. R. Evid. 403; *see also Wheeler*, 862 F.2d at 1407.  Allowing the Plaintiff to present evidence or argument related to *Llewellyn* and/or *Daugherty* would cause undue delay and "lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating Plaintiff's claims."  *Smith v. E-backgroundchecks.com, Inc.*, 2015 WL 11233453, *2 (N.D. Georgia, 2015).

Further, the introduction of such matters would be of marginal relevant use to the jury while, at the same time, unfairly influencing the jury or unfairly prejudicing Ocwen.  *See* Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *See e.g. Johnson v. Land 0 'Lakes, Inc.,* 181 F.R.D. 388, 393-94 (N.D. Iowa 1998) (sustaining motion in limine to exclude evidence concerning other lawsuits and settlements in cases purportedly "similar" to case on trial).  Under Fed. R. Evid. 404(b), the Tenth Circuit employs a four part test to determine admissibility as follows:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*U.S. v. Pace*, 468 Fed. Appx. 854, 858-59 (10th Cir. 2012); see e.g. *Morris v. City of Colorado Springs*, 2010 WL 1655591, at *1-2 (D. Colo. Apr. 23, 2010) and *Perkins v. Fed. Fruit &*

*Produce Co., Inc.*, 2012 WL 1658871, at *3-4 (D. Colo. May 3, 2012).

## II. THE DIFFERENCES SUBSTANTIALLY OUTWEIGH THE SIMILARITIES

The circumstances giving rise to Plaintiff's claims in the instant action are not substantially similar to the circumstances in *Llewellyn* and *Daugherty*. The key distinguishing feature of the instant case from *Llewellyn* and *Daugherty* is that Plaintiff's dispute arises from Ocwen's alleged failure to timely implement the terms of a negotiated settlement agreement, whereas *Llewellyn* and *Daugherty* did not involve settlement agreements but, rather, respectively, involved error in processing a payoff of the mortgage loan and an error in correcting a duplicate report on the borrower's credit .

**A.      Plaintiff's Claims:**

In September of 2016, Plaintiff and Ocwen entered into a settlement agreement related to two prior cases wherein Ocwen agreed to report to the consumer reporting agencies that the Plaintiff was current on her Ocwen loan and that she was always current from the time Ocwen began servicing her mortgage loan through September 2016. Ocwen also agreed to make the loan current through September 2016 (collectively the "corrections"). The settlement agreement required the corrections be completed within thirty days of September 9, 2016. On November 4, 2016, November 9, 2016, December 4, 2016 and January 2, 2017, Ocwen responded to credit reporting disputes received directly from the consumer reporting agencies wherein Ocwen responded that the loan account was 90 days past due.

**B.      *Llewellyn* Claims:**

In contrast, the *Llewellyn* case involved allegation related to Mr. Llewellyn's payoff of his loan to the prior loan servicer, Washington Mutual, shortly after the servicing rights for the

loan were transferred to Ocwen in 2006. *See Llewellyn v. Allstate Home Loans, Inc., et al.,* 711 F.3d 1173, 1176 (10th Cir. 2013). Ocwen subsequently initiated a non-judicial foreclosure against the subject property which was ultimately withdrawn. *See Llewellyn,* 711 F.3d at 1176-1177. During the pendency of the non-judicial foreclosure, Mr. Llewellyn made several complaints to Ocwen and Ocwen's foreclosure counsel regarding the dispute. *Id.* After the withdrawal, Ocwen's foreclosure counsel told Mr. Llewellyn that his credit would be corrected to remove the foreclosure. *See Llewellyn,* 711 F.3d at 1178.

Ultimately, Mr. Llewellyn filed a lawsuit alleging violations of the Fair Debt Collection Practices Act, violations of the Fair Credit Reporting Act, and outrageous conduct. *See Llewellyn v. Allstate Home Loans, Inc. et al.,* Case No. 08-CV-00179-WJM-KLM. The U.S. District Court for the District of Colorado entered summary judgment in favor of Ocwen and Mr. Llewellyn appealed. *See Llewellyn v. Allstate Home Loans, Inc., et al.,* 711 F.3d 1173. The ruling was reversed and the matter was settled prior to trial. *Id; see also Llewellyn v. Allstate Home Loans, Inc. et al.,* Case No. 08-CV-00179-WJM-KLM.

Other than the fact that both the *Llewellyn* case and Ms. Jeffers' present lawsuit involve claims under the FCRA against Ocwen, , the cases are dissimilar in the following pertinent ways:

- Mr. Llewellyn's dispute related to his payoff of his mortgage loan; Plaintiff's dispute here is related to prior litigation and a settlement agreement;

- Mr. Llewellyn's dispute included the filing of a non-judicial foreclosure against his property, whereas this matter does not involve foreclosure proceedings; and

- Mr. Llewellyn made several complaints directly to Ocwen and Ocwen's attorneys about the issues with his credit reports; here, Plaintiff never contacted Ocwen or Ocwen's counsel about issues arising from the implementation of the parties' settlement agreement.

4

11434653.1

**C.** *Daugherty* **Claims:**

The *Daugherty* case is equally dissimilar. The Daugherty case involved allegations related to the accidental creation of a duplicate report by the consumer reporting agency regarding Mr. Daugherty's mortgage loan on his credit report. *See Daugherty v. Ocwen Loan Servicing, LLC,* 2017 WL 3172422, *1 (4th Cir. 2017). Following Mr. Daugherty's cure of the loan delinquency, Ocwen informed the consumer reporting agencies that the account was current but only one of the two reports was corrected. *Daugherty*, 2017 WL 3172422, *2. Following a written dispute made directly to Ocwen, Ocwen did not remove the second report and also did not resolve it to match the first report reflecting the account was current. *Id.* Mr. Daugherty then made 23 disputes directly to one of the consumer reporting agencies from March of 2013 through July of 2014 but Ocwen failed to correct the report. *Daugherty*, 2017 WL 3172422, *2.

Ultimately, Mr. Daugherty filed a lawsuit against Ocwen alleging claims for violations of the Fair Credit Reporting Act. *See Daugherty v. Ocwen Loan Servicing, LLC,* 2017 WL 3172422 (4th Cir. 2017). The case proceeded to a jury trial and the Fourth Circuit affirmed the jury verdict in part but reduced the punitive damage award from $2.5 million to $600,000. *Id.*

Again, other than the fact that the *Daugherty* case and Ms. Jeffers' allegations also involve claims under the FCRA, against Ocwen, and related to Ocwen's servicing of a residential mortgage loan account, these matter are also dissimilar in the following pertinent ways:

- Mr. Daugherty's dispute arose related to the creation of a duplicate report of his mortgage loan and the failure to remove the second report and/or correct it in a similar fashion as the first; Plaintiff's dispute is related to prior litigation and a settlement agreement,

- Mr. Daugherty submitted 23 disputes to the consumer reporting agencies; Plaintiff submitted one dispute,

- Mr. Daugherty made several complaints directly to Ocwen about the issues; Plaintiff did not raise her disputes directly with Ocwen.

### IV. CONCLUSION

Neither the *Llewellyn* case nor the *Daugherty* case involve allegations against Ocwen stemming from an alleged failure to implement terms of a settlement agreement. In addition, neither the *Llewellyn* case nor the *Daugherty* case involve allegations where the borrowers disputed their account solely to the consumer reporting agencies. For the foregoing reasons, Ocwen hereby respectfully requests that this Court prohibit Plaintiff from introducing evidence or argument related to the *Llewellyn* and *Daugherty* matters as set forth herein.

Respectfully submitted this 14th day of February, 2018.

*s/ Cynthia Lowery-Graber*
Cynthia Lowery-Graber
BRYAN CAVE LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Telephone: (303) 861-7000
Email: cynthia.lowery-graber@bryancave.com

**Attorney for Defendant, Ocwen Loan Servicing, LLC**

11434653.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of January, 2018, a true and correct copy of the foregoing **DEFENDANT'S TRIAL BRIEF** was served via the Court's CM/ECF system, which will automatically send notice of the same to:

Matthew R. Osborne
11178 Huron St., Suite 7
Northglenn, CO  80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

                                            *s/ Cynthia Lowery-Graber*
                                            Bryan Cave LLP

11434653.1