# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**
Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC,**
Defendant.

_____

## PLAINTIFF'S TRIAL BRIEF
_____

Pursuant to the Court's order during the Trial Preparation Conference, below is a summarization of the similarities between this case and *Daugherty v. Ocwen Loan Servicing, LLC*, 2017 WL 3172422 (4th Cir. 2017):

| SIMILARITIES | THIS CASE | DAUGHERTY v. OCWEN |
|---|---|---|
| Borrowers were current on loan payments | ✓ | ✓ |
| Ocwen reported inaccurate information about the borrowers to the credit bureaus | ✓ | ✓ |
| Borrower disputed inaccurate information with credit bureaus | ✓ | ✓ |
| Credit bureaus notified Ocwen of borrower disputes | ✓ | ✓ |
| Ocwen failed to perform a reasonable investigation into the disputes | ✓ | ✓ |
| Ocwen improperly "verified" the inaccurate information to the credit bureaus | ✓ | ✓ |
| Ocwen willfully violated its duties to perform a | ✓ | ✓ |

| reasonable investigation into borrower disputes | | |
|---|---|---|

As shown above, this case and *Daugherty* are "substantially similar" as required by the 10th Circuit. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988). Most, if not all, of the Defendant's attempts to distinguish the cases are irrelevant differences that are too narrowly focused on minute details. No two cases are ever *exactly* alike – there will always be some different facts. However, the two cases above both contain the two most important similarities – inaccurate credit reporting, coupled with the failure to perform reasonable investigations into borrower disputes. The problem is systemic in that this is the way Ocwen designed the company to operate in order pad the company's bottom line.

### I. The Daugherty Case is Admissible Under F.R.E. 404(b)

Since Ocwen has raised "mistake" and "unintentional" conduct as a defense in this case, the *Daugherty* case is admissible to disprove Ocwen's assertions of mistake and unintentional conduct. *F.R.E. 404(b)*. The 10th Circuit has ruled that other cases should be admissible to show one of the identified purposes in 404(b). *United States v. Segien*, 114 F.3d 1014, 1023 (10th Cir.1997) (allowing prior bad acts evidence to show intent and lack of mistake); *United States v. Tan*, 254 F.3d 1204, 1206 (10th Cir.2001), (the defendant was charged with second degree murder drunk driving, and his previous drunk driving convictions were admissible to show malice).

### II. The Daugherty Case is Not Unfairly Prejudicial Under F.R.E. 403

Rule 404(b) allows for evidence that would otherwise be inadmissible, to be admissible if offered to show absence of mistake and/or intent. If 404(b) evidence were always too prejudicial under F.R.E. 403, then 404(b) would never lead to the introduction of evidence, and thus the rule would become superfluous. *See United States v. Patterson*, 20 F.3d 809, 814 (10th Cir.1994) ("Evidence of prior bad acts will always be prejudicial.").

The 10th Circuit has given the following factors for the Court to consider when ruling on the admissibility of 404(b) evidence:

> (1) the evidence must be offered for a proper purpose;
>
> (2) the evidence must be relevant;
>
> (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and
>
> (4) pursuant to Fed. R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Jefferson*, 925 F.2d 1242, 1258 (10th Cir.), *cert. denied*, 502 U.S. 884, 112 S.Ct. 238, 239, 116 L.Ed.2d 194 (1991).

In this case, *Daugherty* is being offered to show absence of mistake and intent, and is thus offered for a proper purpose. The evidence is relevant as the probative value of *Daugherty* is quite high. The jury found that Ocwen willfully violated the FCRA very recently before this case was filed; thus, there is a close proximity in time between the two cases. Further, as shown above, the cases are substantially similar. Although there is some prejudice to Ocwen by admitting this evidence, but this can be cured with

a jury instruction as stated by the 10th circuit in *Jefferson*. Finally, the 10th Circuit has cautioned that Rule 403 is an extraordinary remedy and should be used sparingly. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir.1988); *KB Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir.1985).

Respectfully submitted,

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on 2/14/2018, I served a true and correct copy of the foregoing via CM/ECF to the following:

Paul Lopach
Cynthia Lowery-Graber,
Robert Hoffman
Bryan Cave, LLP, Attorneys for Defendant.

s/ Mike Nobel