IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

VALERIE JEFFERS,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

     Defendant.

---

## JURY INSTRUCTIONS

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence and before hearing the closing arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers may properly refer to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, following the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 2

The Court will now explain the claims and defenses of each party to the case and the law governing the case.  Please pay close attention to these instructions.  These instructions include both general instructions and instructions specific to the claims and defenses in this case.  You must consider all the general and specific instructions together.  You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are Valerie Jeffers, Plaintiff, and Ocwen Loan Servicing, LLC, Defendant.

Plaintiff claims that the Defendant both violated the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate Plaintiff's disputes of Defendant's credit reporting and breached a contract by failing to comply with a settlement agreement.

The Defendant claims that its investigation was reasonable.  Defendant further contends that Plaintiff has not been damaged.

These are the issues for you to decide.

INSTRUCTION NO. 3

The parties have stipulated to the following facts:

1.      On September 8, 2016, Ms. Jeffers and Ocwen entered into a settlement agreement, which required the following:

2.      Ocwen agreed to pay Ms. Jeffers a confidential sum of money.  It is undisputed that Ocwen fully complied with this term.

3.      Ocwen agreed to perform the necessary and appropriate corrections to Ms. Jeffers' Loan account to reflect that it is current as of September 2016.  The parties agreed that Ocwen had until October 8, 2016, to implement this term.

4.      Ocwen agreed to ask the credit bureaus to fix the credit reporting to reflect that the Loan was current and had been current at all times from the time Ocwen began servicing the loan to September 2016.  The parties agreed that Ocwen had until October 8, 2016, to implement this term.

5.      Ocwen, Ms Jeffers, and their attorneys, agreed that the terms and contents of the settlement agreement and all information and evidence elicited or exchanged during the Action and in negotiating this Agreement would be treated as confidential and not disclosed.

6.      The agreement was the compromise of disputed claims, and the terms of the settlement were not intended to be and should not be construed as admissions of any liability or responsibility whatsoever.  Ocwen expressly denied any liability.

7.      The parties further agreed to give reasonable cooperation and assistance to any other party to the agreement in order to enable the parties to secure the intended benefits of this Agreement.

INSTRUCTION NO. 4

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

INSTRUCTION NO. 5

Plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claims by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of Plaintiff's claims by a preponderance of the evidence, you should find for Defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 6

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 7

Plaintiff claims Defendant negligently failed to comply with the Fair Credit Reporting Act.

Plaintiff has the burden of proof on her claim for negligent violation of the FCRA. Plaintiff must prove by a preponderance of the evidence each of the following:

First: Defendant violated the FCRA;

Second: Defendant's violation of the FCRA was caused by negligence;

Third: Plaintiff was injured by the violation;

Fourth: The negligence of Defendant was the proximate cause of injury to Plaintiff.

Your verdict will be for Plaintiff if you find that Plaintiff proved that Defendant negligently violated the FCRA, that Plaintiff was injured, and that Defendant's negligent violation of the FCRA was the proximate cause of Plaintiff's injury.

Your verdict will be for Defendant if you find that Plaintiff did not prove one or more of the following: a violation of the FCRA, the violation was caused by Defendant's negligence, Plaintiff was injured as a result, or the negligence of Defendant was the proximate cause of Plaintiff's injuries.

INSTRUCTION NO. 8

Plaintiff alleges Defendant negligently violated Section 1681s-2(b) of the FCRA.

"Negligently" means failing to do something that a reasonably prudent person would do,

or doing something that a reasonably prudent person would not do under the

circumstances that you find existed in this case.  You are to decide what a reasonably

prudent person would do or not do under the circumstances.

INSTRUCTION NO. 9

The term "proximate cause" means there must be a connection between

Defendant's conduct that Plaintiff claims was negligent and the injury complained of by

Plaintiff.  The act Plaintiff claims to have produced the injury must have been a natural

and probable result of Defendant's conduct.

INSTRUCTION NO. 10

Plaintiff claims Defendant willfully violated the Fair Credit Reporting Act.  Plaintiff has the burden of proof on each of the following propositions:

First: Defendant willfully failed to comply with the Fair Credit Reporting Act;

Second: Plaintiff was injured; and

Third: The willful failure of Defendant to comply was the proximate cause of injury to Plaintiff.

Your verdict on this claim will be for Plaintiff if you find that she proved that Defendant willfully failed to comply with the Fair Credit Reporting Act, that Plaintiff was injured and the willful failure to comply was a proximate cause of Plaintiff's injuries.

Your verdict on this claim will be for Defendant if Plaintiff does not prove a willful violation of the Act, or if Plaintiff was not injured or if Plaintiff's injury was not proximately caused by the willful violation of the Act.

INSTRUCTION NO. 11

A violation of the FCRA is "willful" only if the Defendant intentionally violated the FCRA, or acted with reckless disregard of its duties under the FCRA.

A violation of the FCRA is intentional only if the Defendant acted with the specific intent not to do something that the FCRA requires to be done, in other words, acted with the purpose of disobeying or disregarding the FCRA.

A violation of the FCRA is committed with reckless disregard only if the Defendant acted purposefully and the Defendant must have realized that its conduct was dangerous, done heedlessly and recklessly, without regard to consequences or of the rights and safety of others, particularly the Plaintiff.

INSTRUCTION NO. 12

Plaintiff alleges Defendant negligently and willfully violated Section 1681s-2(b) of the FCRA.   For purposes of this case, Plaintiff is a "consumer" under the FCRA. Defendant is a "furnisher of credit information" that reports the payment status of mortgage loans to the consumer reporting agencies (CRAs), such as Equifax, Experian, and Trans Union.

Under this section, a furnisher of information who has received notice of a dispute from a CRA is required to:

(1) reasonably investigate the disputed information;

(2) review all relevant information provided by the CRA;

(3) report the results of the investigation to the CRA;

(4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and

(5) modify, delete, or permanently block the reporting of the disputed information if it is found to be inaccurate, incomplete, or unverifiable.

13

INSTRUCTION NO. 13

An "investigation" is a detailed inquiry or systematic examination of the furnisher's records to determine whether the disputed information can be verified.  A reasonable investigation is one that a reasonably prudent person would undertake under the circumstances.

An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.

INSTRUCTION NO. 14

If you decide that Defendant violated the Fair Credit Reporting Act, Plaintiff could not have incurred actual damages from any such violation until after the violation took place.  Consequently, the earliest that Plaintiff could have incurred any actual damages on her Fair Credit Reporting Act claim was November 2016, which is when Defendant completed its investigation of the first dispute that it received.  Nothing that occurred prior to November 2016 is relevant to your consideration of Plaintiff's actual damages on her Fair Credit Reporting Act claim.

INSTRUCTION NO. 15

If your verdict is for Plaintiff on Plaintiff's claim for negligent noncompliance with the Act, your duty is to determine the amount of money that reasonably, fairly, and adequately compensates plaintiff for the damage you decide resulted from Defendant's failure to comply with the Act.

You should include each of the following items of damage that you decide has been sustained by Plaintiff by Defendant's negligent noncompliance with the Act: credit denials, damage to credit, damage to reputation, embarrassment, humiliation, worry, stress, inconvenience, difficulty sleeping, hair loss, and emotional distress.

You should also include each of these items of damage that you decide plaintiff is reasonably certain to sustain in the future.

If any item of damage is of a continuing nature, you must decide how long it may continue.

You must decide which, if any, of these items of damage has been proved by Plaintiff based upon evidence and not upon speculation, guess or conjecture.  The amount of money to be awarded for certain of these items of damage, such as mental anguish, cannot be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

Denial of or delay in granting credit does not constitute damage in and of itself under the law.

Damages for embarrassment, humiliation and mental anguish will not be presumed to have occurred.  Plaintiff must prove they have occurred.

16

Plaintiff must prove that any damages incurred were caused by acts or omissions of defendant that were not in compliance with the Fair Credit Reporting Act. Even if you find that Plaintiff was damaged, if you find that the damage was not the result of Defendant's noncompliance with the Fair Credit Reporting Act, you must find for Defendant.

Even if you find that Plaintiff suffered damage as a result of the denial or delay in granting credit and the denial or delay was not caused by Defendant's noncompliance with the Act, then you must find for Defendant.

INSTRUCTION NO. 16

Damages recoverable for willful noncompliance with the Fair Credit Reporting Act are of two kinds.  First are the damages actually suffered by reason of the wrong complained of, and second, punitive damages, which means damages over and above the actual damages, if any, suffered by Plaintiff. Punitive damages that may be awarded by you in your discretion for the purpose of making an example of and punishing defendant for the wrong done and to serve as an example to others not to engage in such conduct.

If you find from a preponderance of the evidence that Plaintiff is entitled to actual damages, and you further find that the acts or omissions of Defendant that proximately caused the actual injury or damage to Plaintiff, were willfully done then you may add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive damages.

Whether or not to make any award of punitive damages in addition to actual damages is a matter exclusively within your authority.  You should bear in mind that punitive damages may be awarded only if you should first unanimously award plaintiff a verdict for actual damages.

You should also bear in mind, not only the conditions under which, and the purpose for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason and must never be either awarded, or fixed in

amount, because of any sympathy or bias, or prejudice with respect to any party to the

case.

INSTRUCTION NO. 17

Plaintiff may not recover twice for the same injury, even though she seeks an award of damages under multiple theories of relief.  This is because damages awarded for one claim may not be duplicative of damages awarded in another claim.  For example, a Plaintiff that seeks $100 as a result of the Defendant's conduct may recover only $100, even if she sought the same $100 in damages in multiple claims.

INSTRUCTION NO. 18

For the Plaintiff to recover from the Defendant on her claim of breach of contract, the Plaintiff must prove by a preponderance of the evidence all of the following:

1. The Plaintiff entered into a contract with the Defendant to correct her loan and request that the consumer reporting agencies correct the credit reporting within 30 days; and

2. The Defendant failed to correct her loan and failed to request that the consumer reporting agencies correct the credit reporting within 30 days; and

3. The Plaintiff "substantially complied with" her part of the contract.

If you find that any one or more of these 3 statements has not been proved, then your verdict must be for the Defendant.

On the other hand, if you find that all of these 3 statements have been proved, then your verdict must be for the Plaintiff.

INSTRUCTION NO. 19

A breach of contract is the failure to perform a contractual promise when performance is due.

A material breach occurs when a party fails to substantially perform or substantially comply with the essential terms of a contract.

A breach is not material if the other party received substantially what it contracted for.  In determining whether a breach is material, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.

A material breach by one party excuses performance by the other party to the contract.

INSTRUCTION NO. 20

If you find that a contract existed between the parties and that one party breached the contract, the non-breaching party is entitled to recover those damages naturally arising from the breach of a contract — that is, an amount that would place the non-breaching party in the position she would have been in if the breaching party had adequately performed its promises, less any amounts saved by the non-breaching party.

If Plaintiff has proved actual damages by a preponderance of the evidence, you shall award damages and losses suffered by the Plaintiff.

INSTRUCTION NO. 21

If you find in favor of the Plaintiff on her claim of breach of contract, then you must award her actual or nominal damages.

To award actual or nominal damages, you must find by a preponderance of the evidence that the Plaintiff had damages as a result of the breach, and you must determine the amount of those damages.

If you find in favor of the Plaintiff, but do not find any actual damages, you shall award Plaintiff nominal damages.

INSTRUCTION NO. 22

If you find in favor of the Plaintiff on her Breach of Contract claim, but do not award any actual damages, you shall award the Plaintiff nominal damages in the sum of one dollar.

INSTRUCTION NO. 23

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

INSTRUCTION NO. 24

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 25

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

INSTRUCTION NO. 26

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION NO. 27

Nothing said in these instructions and nothing in any verdict form prepared for

your convenience is meant to suggest or convey in any way or manner any suggestion

or hint as to what verdict I think you should find.  What the verdict shall be is your sole

and exclusive duty and responsibility.