IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00025-WYD-KHR

**VALERIE JEFFERS,**
**Plaintiff,**

v.

**OCWEN LOAN SERVICING, LLC,**
**Defendant.**

_____

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**
_____

There are two separate grounds for awarding mandatory attorney fees to Plaintiff in this case: 1) the settlement agreement between the parties; and 2) the Fair Credit Reporting Act (FCRA).

**I.  The Settlement Agreement Provides for Attorney Fees**

The settlement agreement, in relevant part, provides as follows:

> 3. **Attorneys' Fees:** Each Party shall bear their own attorneys' fees and costs incurred. If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing Party or Parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action. Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing Party for all attorney's fees paid or incurred in good faith.

*Ex. 1*.

In this case, the jury found that Defendant had breached the settlement agreement, and awarded $15,000 in actual damages. *Doc. #91, p.2*. Thus, the award of attorney fees is mandatory in this action.

1

## II.  The Fair Credit Reporting Act Provides for Mandatory Attorney Fees to the Successful Consumer

The FCRA provides that a consumer who brings a "successful action to enforce any liability" is entitled to recover from the defendant "reasonable attorney fees as determined by the court."  *15 U.S.C. §§ 1681n(a)(3)* and *1681o(a)(2)*.  Plaintiff prevailed on both her negligent and willful claims under the FCRA.  *Doc. #91*.  Thus, the award of attorney fees to plaintiff is mandatory in this action.

## LEGAL STANDARD

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A. Hourly Rate

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands for civil rights or analogous litigation.'  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998).  Plaintiff's counsel's hourly rate is $400 per hour.  This is a reasonable rate in the Denver Metro area.  *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-2663-WJM-KMT, 2015 WL 4538381, at *2 (D. Colo. July 28, 2015)  (concluding that average rate for partners in Denver area is $415 per hour, and ranges from $305 - $725 per hour).  Judge William Martinez recently found that hourly rates of $585 and $450 per hour for partners were reasonable and appropriate in the Denver area.  *Crew Tile Distribution, Inc. v.*

2

*Porcelanosa Los Angeles, Inc.*, No. 13-CV-3206-WJM-KMT, 2015 WL 5608122, at *3 (D. Colo. Sept. 24, 2015). Plaintiff's counsel's rate is below the average rate in the Denver area. A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop.Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

Courts have frequently used the United States Consumer Law survey as a useful factor to determine reasonable rates. *Moore v. Midland Credit Mgmt., Inc.*, No. 3:12-CV-166-TLS, 2012 WL 6217597, at *4 (N.D. Ind. Dec. 12, 2012) (collecting cases). The United States Consumer Law survey shows that the median rate in the Denver Metro area is $400 per hour. *Ex. A to Ex. 2*.

https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf, *46-47.

Plaintiff's counsel has substantial experience in litigating consumer protection law claims on behalf of individual people, which includes the FCRA, and other consumer protection statutes. Plaintiff's counsel has achieved significant results for Colorado consumers. For example, this case was the first time that a Plaintiff has won a jury verdict under the FCRA in the District of Colorado, and it was a substantial verdict at $400,000. Plaintiff's counsel also recently won just under $70,000 against a creditor who had violated the bankruptcy automatic stay, which is believed to be the biggest judgment in the U.S. Bankruptcy Court District of Colorado entered against a creditor for violating the automatic stay. *In re Ogden*, No. 11-19841-EEB, 2016 WL 1077355, (D. Colo. Mar. 18, 2016), appeal dismissed (June 2, 2016). In 2013, Plaintiff's counsel won a $60,000 jury verdict against HSBC Mortgage who had breached a mortgage contract with a consumer. *Ex. 4.* In 2014, Plaintiff's counsel won a $70,000 jury verdict against

3

Santander Bank for harassing a consumer with phone calls and false credit reporting. *Ex. 5.* In 2016, Plaintiff's counsel won a case for a consumer under the Colorado Consumer Protection Act (CCPA) in the amount of $31,843.43, plus attorney fees and costs. *Ex. 6.* Plaintiff's counsel has been practicing law for almost 9 years, and has spent the entire time primarily doing consumer protection law cases. Additionally, Plaintiff's counsel has litigated 161 cases in federal court, in addition to several other cases in state court and arbitration proceedings. And although there have been a few losses, most of the consumer cases litigated by Plaintiff's counsel have resulted in positive outcomes to consumers. Plaintiff's counsel is a member of the National Association of Consumer Advocates, and has been asked to teach multiple CLEs to other attorneys on protecting the rights of consumers.

The hourly rate for Mike Nobel, a paralegal at Matthew R. Osborne PC, is $105 per hour. *Ex. 7.* This is a reasonable rate and the median rate for paralegals in the Denver Metro Area according to the Consumer Law Fee survey is $105 per hour. *Ex. A to Ex. 2, p. 46-47.*

B.  Hours Spent

Plaintiff's counsel has spent 236.20 hours on the case, all of which are reasonable. Plaintiff's paralegal has spent 19.8 hours on the case, all of which are reasonable. Plaintiff's counsel provided high quality legal representation concerning issues of violation of Fair Credit Reporting Act, reasonableness, and willfulness. As the Court no doubt observed during the trial, the facts were hotly contested and Ocwen argued it acted reasonably, unintentionally, and under claim of mistake. Ocwen further blamed the Plaintiff for numerous aspects of the case, and it took a substantial amount

4

of trial preparation to be able to refute Ocwen's contentions.   This was a substantial verdict for plaintiff, and will likely help other Colorado consumers as it may have an effect on the practices of other mortgage companies.  Defendant has already admitted to making certain policy changes as a direct result of this case.

C. Lodestar Amount

The total lodestar amount is $96,559, which is the sum of the total attorney fees ($94,480) and the total paralegal fees ($2,079).

**Certificate of Conferral:**  Plaintiff's counsel, Matthew Osborne, has conferred with Defendant's counsel, Paul Lopach, regarding this Motion. Defendant's counsel objects to this Motion.

WHEREFORE, Plaintiff prays that this motion be granted.

Respectfully submitted,

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

5

## CERTIFICATE OF SERVICE

I certify that on 3/8/2018, I served a true and correct copy of the foregoing via CM/ECF to the following:

Paul Lopach
Cynthia Lowery-Graber
Robert Hoffman
Bryan Cave, LLP, Attorneys for Defendant.

s/ Mike Nobel